**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\quad$ *Plaintiff-Appellee,*

v.

MUSA M. ELSHINGETY,
$\quad$ *Defendant-Appellant.*

No. 03-4470

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-02-196)

Submitted: October 3, 2003

Decided: October 20, 2003

Before MICHAEL and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Joseph Kaestner, KAESTNER, PITNEY & JONES, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Gregg R. Nivala, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Musa Elshingety pled guilty to five counts of health care fraud, 18 U.S.C. § 1247 (2000), and was sentenced to a term of eighteen months' imprisonment. He contests his sentence on appeal, arguing that the district court clearly erred in determining that he abused a position of trust, *U.S. Sentencing Guidelines Manual* § 3B1.3 (2002), and in determining that the amount of loss for sentencing purposes was $104,280.80. USSG § 2B3.1(b)(7). We affirm.

Elshingety contracted with the Virginia Department of Medical Assistance Services (DMAS) to provide non-emergency transportation to Medicaid patients so that they could receive covered medical services. All certified transportation providers such as Elshingety are compensated by Medicaid at a higher rate for wheelchair patients than for ambulatory patients. An audit of Elshingety's company revealed that he had submitted false claims for patients residing at the Old Dominion Home by identifying certain ambulatory patients as wheelchair patients.

At the guilty plea hearing conducted pursuant to Fed. R. Crim. P. 11, the government attorney stated as part of the factual basis that it could have proved at trial that Elshingety had over billed DMAS by $104,280.80 for a total of twenty-five patients and that the administrator of the Old Dominion Home would have testified that none of the twenty-five persons had ever been confined to a wheelchair. Elshingety's attorney conceded that the government could present this evidence.

Nonetheless, after the presentence report was prepared, Elshingety objected to the use of $104,280.80 as the amount of loss. He submitted a chart which he alleged had been completed by the doctor who treated all the patients for whom he had over billed. On the chart, five

of the patients listed in the presentence report were identified as "not ambulatory" and seven others as needing assistance into and out of the van. Relying on this chart, Elshingety argued that he had properly billed for these patients at the wheelchair rate. The chart contained only names, categories, and checkmarks, and was not signed by the doctor. The district court denied Elshingety's objection to the probation officer's calculation of the loss amount, finding that the government had stated at the Rule 11 hearing that it could prove a loss amount of $104,280.80 and that Elshingety and his attorney had acquiesced in that amount by not objecting to it at the time. The court also agreed with the government that Elshingety had abused a position of trust because his status as a licensed provider gave him discretion in obtaining clients and billing for his services, and allowed him to commit the offenses by manipulating the billing system. The court accordingly agreed with the government that a two-level adjustment was warranted.

In this appeal, Elshingety first challenges the adjustment for abuse of a position of trust. Whether a defendant occupied or abused a position of trust is a factual question reviewed for clear error. *United States v. Bollin*, 264 F.3d 391, 415 (4th Cir.), *cert. denied*, 534 U.S. 935 (2001) *and* 535 U.S. 989 (2002); *United States v. Akinkoye*, 185 F.3d 192, 203 (4th Cir. 1999). A defendant's job title is not determinative; instead, the relevant factors are:

> (1) whether the defendant had either special duties or special access to information not available to other employees; (2) the extent of discretion the defendant possesses; (3) whether the defendant's acts indicate that he is more culpable than others who are in positions similar to him and who engage in criminal acts; and (4) viewing the entire question of abuse of trust from the victim's perspective.

*Akinkoye*, 185 F.3d at 203 (internal quotations and citations omitted). Ordinary commercial relationships do not constitute a trust relationship sufficient to trigger an adjustment for abuse of a position of trust. *United States v. Moore*, 29 F.3d 175, 178-79 (4th Cir. 1994).

Applying this test, we conclude that the victim, DMAS, gave Elshingety considerable discretion to bill at a higher rate for wheelchair

patients without any mechanism for verifying the claims he submitted. Thus, the district court did not clearly err in finding that DMAS had placed Elshingety in a position of trust which he violated by submitting inflated claims for payment.

Elshingety also contests the district court's calculation of the amount of loss. Because the facts relating to the amount of loss were in dispute, the district court's determination is a factual matter reviewed for clear error. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.), *cert. denied*, 536 U.S. 932 (2002). Here, Elshingety conceded at the Rule 11 hearing that the government could prove a loss of $104,280.80. When he later objected to the use of this figure in the presentence report, Elshingety had the burden of showing that it was inaccurate. *United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1999) (defendant has burden of showing that factual information in the presentence report that he disputes is inaccurate or unreliable).

Although Elshingety attempted to meet his burden by submitting the chart allegedly prepared by the patients' doctor, he provided no documentation to support his claim that the doctor in fact treated all the patients listed on it and prepared the chart, or that the chart described the patients' condition during the period charged in the indictment. Therefore, we conclude that the district court did not clearly err in accepting the government's figure for the amount of loss.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*